IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hangzhou Yuanzu Technology Co., Ltd.

    Plaintiff,

v.

Schedule A Defendant,

    Defendant.

Case No.: 1:25-cv-15166

Honorable John F. Kness

**AMENDED COMPLAINT**

Plaintiff, Hangzhou Yuanzu Technology Co., Ltd. ("Yuanzu"), by the undersigned counsel, brings this action against the Schedule A Defendant ("Defendant") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant conducts business in this District.

3. This Court has personal jurisdiction over Defendant because Defendant targets U.S. consumers, including Illinois residents, by operating a fully interactive commercial online store through which Illinois residents can purchase products embodying the Boot Flower Works. Defendant expressly offers to sell and ship the accused products to Illinois addresses and has purposefully directed its commercial activities toward Illinois.

4. Defendant has intentionally directed commercial activities toward Illinois by advertising and offering for sale infringing products to Illinois residents, including by providing

1

shipping to Illinois, transacting in U.S. dollars, and confirming an order placed to an Illinois address.

5. Defendant has committed acts of copyright infringement and caused injury to Plaintiff in Illinois and in this District.

6. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal copyright law, Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

7. Upon information and belief, Defendant resides in foreign jurisdictions, primarily the People's Republic of China, operates anonymous online marketplace account, and utilizes foreign financial accounts to receive and rapidly transfer funds, making it difficult to identify and serve and supporting the need for injunctive relief to prevent irreparable harm.

## INTRODUCTION

8. Plaintiff, Yuanzu, is the owner of multiple original pictorial and/or graphic works of authorship consisting of floral artwork and patterns created for application on fashion boots (the "Boot Flower Works"). The Boot Flower Works were created in 2023 and are registered with the U.S. Copyright Office under Registration No. VAu 1-540-196 (the "Registration"), which covers a group of ten pictorial and/or graphic works and identifies Plaintiff as the author and claimant. The Registration is valid, subsisting, and in full force and effect. The Registration predates the acts of infringement alleged in this Complaint. A true and correct copy of the registration certificate is attached as **Exhibit 1**.

9. This action has been filed by Plaintiff to combat an online copyright infringer who trades upon Plaintiff's reputation, goodwill, and valuable copyrighted works. Defendant is offering for sale and selling unauthorized products that embody unauthorized copies and/or

derivative works of the Boot Flower Works.

10. In an effort to unlawfully profit from the protected works, Defendant has created and operates an online storefront on the Shein platform (the "Defendant Internet Store") and designed the storefront to appear legitimate to consumers.

11. The Defendant Internet Store uses product images of boots bearing the Boot Flower Works, likely to mislead consumers into believing its products are associated with or authorized by Plaintiff. Defendant conceals its identity, utilizes false address and foreign financial account(s), and rapidly transfer assets to evade enforcement. Plaintiff has been and continues to be irreparably harmed through loss of control over its copyrighted works, damage to goodwill, consumer confusion, and the inability to license and control the quality of products in the marketplace. Plaintiff seeks injunctive and monetary relief.

## THE PLAINTIFF

12. Plaintiff, Yuanzu, is a company organized under the laws of the People's Republic of China with its principal place of business in Hangzhou, China.

13. Plaintiff is engaged in the design, development, and sale of fashion boots bearing distinctive floral artwork and patterns. Plaintiff's business includes creating original floral pattern designs, applying those designs to boots and related products, and selling such products to customers worldwide, including in the United States.

14. Plaintiff has invested substantial time, effort, creative skill, and financial resources in developing and commercializing the Boot Flower Works and the products that incorporate those works. Plaintiff has also invested substantial resources in marketing, advertising, and promoting its products featuring the Boot Flower Works, including through its own online store and sales channels.

15. Plaintiff sells boots incorporating the Boot Flower Works through various sales

3

channels, including an official store for its products on the Temu.com platform (the "Official Store"). Product listings on the Official Store feature Plaintiff's own original product photographs of boots incorporating the Boot Flower Works.

16. As a result of Plaintiff's efforts, products incorporating the Boot Flower Works, and the associated product images used in Plaintiff's listings, have become associated with Plaintiff and are recognized by consumers as originating from Plaintiff.

## DEFENDANT AND DEFENDANT'S UNLAWFUL CONDUCT

17. Defendant is an individual or business entity who, upon information and belief, resides in the People's Republic of China. Defendant conducts business through fully interactive commercial online marketplace account and storefront listed on Schedule A. Defendant targets U.S. consumers, including within Illinois and in this judicial district, by advertising, offering to sell, and selling products that embody unauthorized copies of the Boot Flower Works.

18. The true identity of Defendant is unknown to Plaintiff. Defendant conceals its identity through the use of aliases, unregistered business names, false contact information, and offshore fulfillment and payment-processing channels. Defendant operates anonymously and deliberately frustrate enforcement by avoiding traditional means of identification and service. Plaintiff will amend this Complaint when Defendant's true identity is ascertained.

19. Upon information and belief, Defendant has operated an online marketplace storefront to offer and sell infringing and unauthorized copies of Plaintiff's copyrighted works. Defendant designs and presents its storefront to appear legitimate to consumers, thereby misleading purchasers into believing they are purchasing authorized products.

20. Defendant utilizes online marketplace platforms and foreign financial accounts, including, upon information and belief, payment services such as PayPal, Alipay, and other third-party processors, to receive and rapidly transfer funds outside the United States. Such practices

enable Defendant to hide assets, making it difficult, if not impossible, for Plaintiff to obtain monetary relief absent immediate injunctive relief.

21. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff, including loss of control over its copyrighted works, loss of consumer goodwill, and loss of ability to license and control the quality of products bearing its designs.

22. To prevent Defendant from concealing or transferring assets beyond this Court's reach upon receiving notice of this action, Plaintiff seeks injunctive relief as appropriate and expedited discovery regarding Defendant's identity, infringing activities, and related financial accounts.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as though fully set forth herein.

24. The Boot Flower Works are original works of authorship and constitute copyrightable subject matter under 17 U.S.C. § 101 et seq.

25. At all relevant times, Plaintiff has held and asserted exclusive rights in the Boot Flower Works, including but not limited to the right to reproduce and distribute the works pursuant to the Copyright Act. Each work is the subject of a valid copyright registration issued by the Register of Copyrights.

26. Defendant, without authorization from Plaintiff, has offered for sale, and sold products embodying copies and/or derivative works of the Boot Flower Works. Defendant's acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendant's infringement is willful, intentional, and undertaken with knowledge of Plaintiff's rights.

27. As a result of Defendant's infringement, Plaintiff is entitled to relief pursuant to

17 U.S.C. § 504, including statutory damages or actual damages and Defendant's profits attributable to the infringement, and Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

28. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff that cannot be fully compensated by monetary damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further infringement and requiring Defendant to destroy all unauthorized copies and infringing articles.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily and permanently enjoined and restrained from:

   a. Using, reproducing, copying, displaying, advertising, marketing, offering for sale, or selling any products embodying or derived from the Boot Flower Works;

   b. Manufacturing, importing, reproducing, distributing, advertising, promoting, selling, or offering to sell any unauthorized copies or derivative works of the Boot Flower Works;

   c. Further infringing the Boot Flower Works in any manner;

   d. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of products not authorized by Plaintiff and that embody or derive from the Boot Flower Works;

   e. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store or any other online marketplace accounts used to

infringe the Boot Flower Works;

f.   Transferring, withdrawing, or otherwise disposing of funds reasonably attributable to the sale of infringing products through the Defendant Internet Store, including funds held by third-party payment processors, pending further order of this Court.

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in the Boot Flower Works pursuant to 17 U.S.C. § 501; and b) otherwise harmed Plaintiff's ability to control and license its copyrighted works;

3) For an accounting and disgorgement of Defendant's profits attributable to its infringement of the Boot Flower Works pursuant to 17 U.S.C. § 504(b);

4)  For an award of actual damages or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiff's election, in an amount to be determined at trial;

5)  That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6)  For an order authorizing expedited discovery to identify Defendant, obtain contact information and identify financial accounts, and for such further relief as the Court deems just and proper.

DATED: December 18, 2025   Respectfully submitted,

*/s/ Qin Zhuang*
Qin Zhuang
Building 2, Unit 1, Room 507
5 Chaoyang Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
**Counsel for Plaintiff**